IRVING, J., for the Court.
¶ 1. This appeal arises from a decision of the Circuit Court of Sunflower County denying Pittman Edwards’s motion to file a cross-claim against, co-defendant, Jackson National Life Insurance Co. Feeling aggrieved, Edwards appeals and argues that the trial court abused its discretion.
¶2. Finding no reversible error, this Court affirms the trial court’s denial.
FACTS
¶ 3. On November 1, 1999, Randy and Mary Jane Andrews filed suit against Jackson National Life Insurance Company (Jackson National) and Pittman Edwards. The suit involved the purchase of a Jackson National life insurance policy by the Andrewses from Edwards. The Andrewses charged Edwards and Jackson National with fraud, intentional misrepresentation, fraudulent inducement, fraudulent concealment, civil conspiracy, breach of obligations of good faith and fair dealings, negligent misrepresentation, breach of fiduciary and quasi-fiduciary obligations, and gross negligence. The Andrewses sought actual and punitive damages from their suit. Both Edwards and Jackson National answered the complaint and denied any misconduct or wrongdoing with regard to the sale of the policy.
¶ 4. Discovery ensued with various depositions of the parties, request for admissions, requests for production, and interrogatories. On March 23, 2000, the trial court entered an order setting a deadline for the completion of discovery by September 15, 2000. However, upon the request of all the parties, discovery was continued by the trial court until November 15, 2000. Thereafter, another order was entered extending discovery until March 1, 2001. On May 8, 2001, the trial court ordered sua sponte that the case be referred to mediation. The trial court ordered that such mediation should be completed on or before July 3, 2001. On July 3, the parties supplied the trial court with a “Mediation Status Report” requesting an extension of the time for the completion of mediation. The parties also informed the trial court of their efforts toward a settlement independent of the order of formal mediation. On July 5, the trial court granted the extension of time to October 3, 2001, to complete mediation and/or settlement negotiations.
¶ 5. On July 13, 2001, Edwards filed a motion for leave to file a cross-claim. He alleged that his sale of life insurance on behalf of Jackson National was part of a scheme of fraudulent and deceptive sale practices by Jackson National of which he was unaware until recently. Edwards asserted the exact same causes of action against Jackson National as did the An-drewses.[1] Additionally, Edwards accused Jackson National of tortious interference with his business activities, breach of contract, intentional infliction of emotional distress, negligent infliction of emotional distress, damage to his business and reputation, as well as the infliction of damage on him and on his business. Edwards claimed that it was during discovery that he learned of Jackson National’s concealment of facts and materials relevant to its deceptive sales practices and that in March 1999, he “obtained information that Jackson National had advised the An-drewses that their policy would lapse.” Edwards asked for actual and punitive damages for mental and emotional distress and “angry worrying concern” over dam *844 age to his business reputation. He also sought to recover attorney’s fees, costs and loss of business income and profit.
¶ 6. Also, on July 13, 2001, Edwards filed a notice of hearing with his motion to file a cross-claim. The notice did not contain a date for the hearing, stating instead, that the motion would be brought on for hearing as soon as counsel could be heard. Jackson National, arguing that Edwards’s allegations were not based on the subject matter of the Andrewses’ suit, opposed the motion. Jackson National, citing Mississippi Rule of Civil Procedure 13(g), argued that the allegations of Edwards’s proposed cross-claim did not arise out of the transaction or occurrence which was the subject matter of the original action. Moreover, Jackson National maintained that it would be unduly prejudiced by the delay, particularly, the two-year time span between the original filing of the Andrewses’ suit and Edwards’s cross-claim. Lastly, Jackson National explained that cross-claims are not compulsory; therefore, Edwards could bring his claims in a separate action.
¶ 7. Edwards filed a motion for a continuance and postponement of the mediation scheduled for October 31, 2001. Edwards contended that he had made several unsuccessful attempts during the preceding months to schedule a hearing on the motion to file a cross-claim. Therefore, Edwards requested such postponement of mediation until such time as the trial court could rule on the cross-claim motion.
¶ 8. On January 22, 2002, the trial judge, acting pursuant to an ore tenus motion of the Andrewses and Jackson National, signed a judgment of dismissal of the An-drewses’ claims against Edwards and Jackson National. On January 31, 2002, the trial court heard Edwards’s motion for leave to file the cross-claim and denied same. A judgment to that effect was signed on February 6, 2002.
¶ 9. Additional facts will be related during the discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 10. Edwards maintains that the trial court abused its discretion in denying his motion to file a cross-claim against Jackson National. He asserts that the trial judge abused her discretion because there was no finding that Jackson National would suffer actual prejudice if the amendment was allowed. Not surprisingly, Jackson National maintains that the trial judge’s ruling was proper. It contends that Edwards’s proposed cross-claim was much broader than the subject matter of the original action brought by the An-drewses, and thus outside the parameters of Rule 13(g) which defines a cross-claim and delimits its usage. Jackson National also asserts that allowing an amendment after the close of discovery would prejudice them. Lastly, Jackson National emphasizes that Edwards is still free to file a separate action; therefore, he loses no rights in being denied the right to file a cross-claim.
¶ 11. Rule 13(g) states that a cross-claim against a co-party is:
A pleading ... by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of the claim asserted in the action against the cross-claimant.
M.R.C.P. 13(g).
¶ 12. The supreme court has stated that “[mjotions for leave to amend are left to *845 the sound discretion of the trial court.” Church v. Massey, 697 So.2d 407, 413 (Miss.1997). An appellate court reviews such “determinations under an abuse of discretion standard and unless convinced that the trial judge abused his discretion, we are without authority to reverse.” McCarty v. Kellum, 667 So.2d 1277, 1283 (Miss.1995).
¶ 13. Rule 15 of the Mississippi Rules of Civil Procedure governs amended and supplemental pleadings. Subsection (a) states in pertinent part that:
A party may amend a pleading as a matter of course at any time before a responsive pleading is served, or, if a pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within thirty days after it is served.... Otherwise a party may amend a pleading only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires.
M.R.C.P. 15(a) (emphasis added).
¶ 14. Whether actual prejudice would result to the adverse party is a key factor for determination by the trial judge. The Mississippi Supreme Court has found that:
[fjreedom to grant leave to amend when justice so requires, as provided by the [Mississippi Rules of Civil Procedure], diminishes as the litigation progresses. Since prejudice to the opposing party is the key factor governing the court’s discretion in granting leave to amend a pleading, the court will ordinarily refuse to grant such permission where the motion comes so late and in such circumstances that the right of the adverse party will necessarily be prejudicially affected.
McCarty, 667 So.2d at 1284-85 (quoting 61 Am.Jur.2d Pleadings § 315 (1981)). Moreover, the Mississippi Supreme Court has affirmed the denial of a motion to amend because of undue delay or the failure to exercise due diligence. See TXG Intrastate Pipeline Co v. Grossnickle, 716 So.2d 991, 1011(¶ 57) (Miss.1997); Natural Mother v. Paternal Aunt, 583 So.2d 614, 616-17 (Miss.1991).
¶ 15. The Mississippi Supreme Court also has commented on the language “leave shall be freely given when justice so requires” found in M.R.C.P. 15(a):
Rule 15(a) declares that leave to amend “shall be freely given when justice so requires;” this mandate is to be heeded ... if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. — the leave sought should, as the rules require, be “freely given.”
Moeller v. Am. Guarantee and Liab. Ins. Co., 812 So.2d 953, 962(¶28) (Miss.2002).
¶ 16. In denying Edwards’s motion to file a cross-claim, the trial judge stated:
The Court having heard the argument of Counsel and having reviewed the documents in this case on the Motion to File and Cross-claim, and opposition thereto, and reviewing particularly Rule 13, some reference to 43, the Court has considered whether of not this claim should be joined in this cause number in order to expedite a resolution of all the controversies between the parties. And the Court agreeing and apologizing for any *846 misstatement that I said the case was dismissed, the Court is certainly aware that it was dismissed as to Jackson National and as to Mr. Pittman Edwards in the original action by Andrews.
The Court has considered the expense that Mr. Pittman would incur if he had to file a separate action, and, of course, the Court is concerned about multiple actions and judicial economy, and putting the parties through the rigors of a trial in this case where the Defendants have been dismissed.
Having said all of that and having considered the issues, the remaining issues on Mr. Edwards, the Court finds that the relief sought in this action should be brought in a separate action, and that the Motion to File a Cross-claim in this cause number, based upon the position that we’re in where the Defendants have been dismissed and there is a question of the commonality of the issues remaining. The Motion to File a Cross-claim is denied.
¶ 17. The record reflects that the first discovery deadline in this case was September 15, 2000. This deadline was set by order entered in March 2000. Pursuant to two subsequent orders, the final discovery deadline was ultimately set for March 1, 2001. In the hearing on Edwards’s motion for leave to file the cross-claim, Edwards argued that it was not until the 30(b)(6) deposition of Jackson National was taken in March 2001, that he acquired the information undergirding his cross-claim. He offered no explanation as to why he waited approximately four months after obtaining the information before seeking to file the cross-claim.
¶ 18. Edwards strenuously argues that he had made repeated attempts to obtain a hearing on his motion for leave to file the cross-claim. We do not doubt this fact but do not find it outcome determinative of the issue before us. The trial judge expressed doubts about the commonality of transaction or occurrence between the allegations of the cross-claim and the allegations of the Andrewses’ complaint. We share the same reservation as did the trial judge. Notwithstanding the broad and far reaching allegations of Edwards’s cross-claim, they are only tangential with the subject matter of the Andrewses’ complaint. We note, for example, that Edwards’s cross-claim does not include an emphatic claim that Jackson National is or may be liable to him for all or part of the claims asserted by the Andrewses against him. There is, however, an opaque allegation of an ‘ “angry worrying concern” over damage and/or potential damage for the Andrewses’ action and other potential lawsuits and claims.’
¶ 19. As pointed out by Jackson National, a cross-claim is not a compulsory pleading, nor is a trial court required to grant all requests for leave to amend although leave shall be freely allowed when justice so requires. When the motion for leave was filed, the parties in the original lawsuit appeared to be in a serious settlement posture and on the verge of settling the lawsuit. When the motion was actually heard, the claims in the original action had been dismissed. While we accept Edwards’s representation that he had tried, without success, on numerous occasions to get his motion heard, the fact remains that when it was finally heard, the claims in the original lawsuit had been dismissed. But more importantly, there is no compelling reason to warrant the conclusion that justice can only be served by allowing the cross-claim. This is especially so since Edwards was not seeking, in his cross-claim, to hold Jackson National liable for any damages which the Andrewses may have recovered against him because of his agency relationship with Jackson National.
*847 ¶ 20. On these unique facts, we cannot say that the trial judge abused her discretion in not allowing Edwards’s cross-claim. Therefore, we reject Edwards’s allegation of error and affirm the judgment of the trial court.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.

. Specifically, Edwards asserted fraud, intentional misrepresentation, fraudulent concealment, fraudulent inducement, civil conspiracy, breach of obligation of good faith and fair dealings, negligent misrepresentation, breach of fiduciary and quasi-fiduciary obligations, and gross negligence.